DAWE *v.* NORGE DIVISION OF BORG-WARNER CORP.

WORKMEN'S COMPENSATION—ACCIDENTAL INJURY—SULPHUR DIOXIDE GAS.

> Finding of accidental injury arising out of and in the course of employment of plaintiff's husband *held,* supported by evidence showing that deceased, who was working at an operation involving polishing and grinding pieces of metal from refrigerator units, a work in which no poisonous gas was used, became sick the second day he worked in room to which defective units were transported and into which room sulphur dioxide gas had leaked from such units, the inhalation of the gas from a source not incident to his occupation being fortuitous.

Appeal from Department of Labor and Industry. Submitted June 14, 1938. (Docket No. 67, Calendar No. 40,117.) Decided October 5, 1938.

Mildred Dawe presented her claim against Norge Division of Borg-Warner Corporation, employer, and Travelers Insurance Company, insurer, for compensation for death of plaintiff's husband in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*Ostrow & Ostrow,* for plaintiff.

*Vandeveer, Vandeveer & Haggerty,* for defendants

WIEST, C. J. This is an appeal in the nature of certiorari from an award to plaintiff as total dependent of her husband who died as a result of in-

haling sulphur dioxide gas while in the employ of defendant company.

Plaintiff's husband was working at an operation known as finishing or lapping seals. The process was polishing and grinding pieces of metal from refrigerator units and there was no poisonous gas in connection with such work. Plaintiff's husband worked in a room where sulphur dioxide gas was present; he was taken sick the second day he worked in the room and died a few days later.

Defendant contends that the finding, by the department, of an accidental injury, arising out of and in the course of employment, was without evidence removing the case from the rule, at the time of injury, of a noncompensable occupational disease.

Leakage of the gas from defective refrigerator units, transported to the room where deceased was employed, was clearly established. The deceased was not working upon such units, but was employed in the same room where the injurious gas was present.

The result of inhaling the gas did not occasion a disease incident to his occupation. It was not a disease attending his occupation but a fatal attack from a different source and, therefore, fortuitous.

The evidence supported the finding of accidental injury arising out of and in the course of the employment.

The award is affirmed.

BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.